```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF NORTH CAROLINA
                            RALEIGH DIVISION
```

| IN RE: | CASE NOS. |
|---|---|
| ANGELINA ZUMPANO | 05-04252-5-ATS |
| WAYNE PATRICK LANIER | 05-05359-5-ATS |
| BRUCE LORENC | 05-05309-5-ATS |
| JAMIE WILLIAMS<br>THOMAS WILLIAMS | 05-05411-5-ATS |
| DELA WALDRON | 05-05146-5-ATS |
| MAGDELENA ISOM | 05-05380-5-ATS |
| SUSAN WEBB | 05-05171-5-ATS |
|     DEBTORS | |

## ORDER REQUIRING BK DOCUMENT PROCESSING LIMITED TO APPEAR AND SHOW CAUSE

The court previously has entered orders requiring BK Document Processing Limited ("BK") to disgorge fees, or to appear and show cause why it should not be required to disgorge its fee, in several chapter 7 cases. BK has yet to appear, to disgorge the fees as required, or to otherwise respond to any of the orders entered in any of these cases. For the reasons that follow, BK will be ordered to appear and show cause why it should not be held in contempt for its failure to comply with prior orders of this court, and why it should not be subject to significant further sanctions and fines, as discussed below.

Pro se chapter 7 debtors in the Eastern District of North Carolina continue to disclose in meetings of creditors that they filed petitions prepared through websites called usabankruptcyassociates.com and debtoraid.com, both of which appear to be operated by BK. These debtors report that they paid fees ranging from $125 to $200 for the preparation of their petitions, sums which are far in excess of what this court has determined to be a reasonable fee for the services provided by a bankruptcy petition preparer. The petitions in the cases listed above have similar and crucial deficiencies, the most basic being that they all fail to give any indication that they were prepared by a bankruptcy petition preparer. They do not disclose the name and address of the petition preparer, or bear the preparer's signature, as required by 11 U.S.C. § 110(b). They are not accompanied by a written notice informing the debtor that the petition preparer is not an attorney and cannot give legal advice, as required by § 110(b)(2). They do not bear an identifying social security number as required by § 110(c) or offer any explanation for its absence, which would be expected in the case of this United Kingdom-based petition provider. They do not disclose the receipt of the fee from the debtor as required by § 110(h)(2). The omissions and BK's failure to correct them obviously are not accidental. A review of the debtoraid.com and usabankruptcyassociates.com websites leaves the

court with the distinct impression that the website operators specifically intend to remain both unidentified and hard to find.

As best the court can determine, BK is a limited liability company registered in the United Kingdom. The mailing address for BK, in connection with both websites, was located by the chapter 7 trustee on the usabankruptcyassociates.com website, as follows:

> BK Document Processing Limited
> 72 New Bond Street
> Mayfair, London
> UK W1S 1RR
> Tel. 1-877-570-5586

The address and phone number have since been deleted from both websites. A different address for BK is provided through a United Kingdom register of companies known as Companies House. That agency lists BK Document Processing Limited as Company No. 05166367, with a registered office at:

> 7 Petworth Road
> Haslemere
> Surrey  GU27 1ER

As outlined in the previous orders, the prepared petitions were provided to the debtors for fees far in excess of the amount that is reasonable for the services provided. The websites typically offer "special, limited time" pricing of $187-$279 for the preparation of a chapter 7 petition, instead of the companies' "usual" $299-$339 fee. This court previously has determined that $80 is the reasonable value of the services that may be provided by a bankruptcy petition preparer.

3

See In re Moore, 283 B.R. 852 (Bankr. E.D.N.C. 2002); In re Moore, 290 B.R. 287 (Bankr. E.D.N.C. 2003). Given that all a bankruptcy petition preparer can do without stepping across the bounds into the unauthorized practice of law is to type a petition, the fees charged by BK for its services clearly are excessive.

On that topic, the court is concerned that it is likely that the preparation of the petitions involved the unauthorized practice of law by BK through its websites and website operators. In the usabankruptcyassociates.com website the petition preparers provide legal advice by, among other things, guaranteeing discharge and promising to protect debtors' property from liquidation by the trustee. They also promise to catch and correct debtors' mistakes. The debtoraid.com site is even more extreme, going so far as to advise would-be debtors that the operators' "untold years of experience" enable them to advise debtors as to "when it is okay to spend far more than you make and when it is not okay"; that "bankruptcy is better for your credit and financial health than credit counseling [and debt consolidation]," and that "Chapter 13 bankruptcy is generally not suitable for most people since it does not give you a clean breakaway from your debts and since may [sic] people who start with a chapter 13 end up filing chapter 7 anyway."

In light of these repeated violations of § 110 and BK's unwillingness to remedy them, the court, pursuant to 11 U.S.C.

§§ 105(a) and 110, requires BK to appear and show cause why it should not be held in contempt for failure to disgorge fees as required. Section 105 authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Further, it provides that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a); see also In re Bankruptcy Petition Preparers Who Are Not Certified Pursuant to Requirements of the Arizona Supreme Court, 307 B.R. 134, 143 (B.A.P. 9th Cir. 2004) (discussing bankruptcy courts' ability to, sua sponte, enjoin unauthorized practice of law and regulate practice under Federal Rule of Bankruptcy Procedure 9029(b)).

The court will, in that show cause hearing, assess whether additional proceedings are warranted to determine whether BK engaged in the unauthorized practice of law in violation of 11 U.S.C. § 110(i)(l). BK's activities may also constitute unfair and deceptive trade practices under the laws of the State of North Carolina.  Both of these issues recently were considered by the Bankruptcy Court for the Middle District of North Carolina in In re Medley, 2005 WL 3093392 (Bankr. M.D.N.C. 2005).  The Medley court's opinion includes a thorough

5

discussion of the parameters of appropriate petition preparation and the consequences, under both federal and state law, of exceeding them. See also Moore, 283 B.R. at 857.

Because of BK's status as a company incorporated under the laws of England,[1] the basis for the court's jurisdiction over BK deserves discussion.  The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

Where there is "no applicable federal statute governing personal jurisdiction, the law of the state in which the trial court sits applies." E.g., In re National Audit Defense Network, 332 B.R. 896, 903 (Bankr. D. Nev. 2005).  The long-arm statute of the state of North Carolina must confer jurisdiction, and the exercise of jurisdiction must be consistent with the constitutional principles of due process. Due process requires "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)

---

[1] The court proceeds for the moment on the assumption that BK is properly incorporated.  Because BK has thus far been wholly nonresponsive, the court has not yet confirmed its status, and so will proceed with the best information available at present.

(internal quotations omitted).  To satisfy due process, the court must have either general or specific jurisdiction over the party.  National Audit, 332 B.R. at 903.  In this matter, the existence of specific jurisdiction is readily established.

BK's websites are designed to provide "full" chapter 7 petition preparation services in all fifty states, including North Carolina. Their services are advertised through "sponsored links" on the popular search engine Google, and pop up in response to a query including the words "bankruptcy" and "help."  The websites assert that their "professionals" will prepare debtors' chapter 7 bankruptcy petitions and will even "provide . . . the location of the court in your area as well as their contact numbers and other instructions."  There is no question that BK purposefully solicited business from every state in the country, including North Carolina.  BK completed its transactions with and was paid by residents of North Carolina with the express purpose of having its product filed in the bankruptcy courts located in this state.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1985); see also In re Thomas, 315 B.R. 697, 702 (Bankr. N.D. Ohio 2004)(finding personal jurisdiction over Utah-based internet petition provider because of petition preparer's contacts "with the United States," rather than because of its contacts with bankruptcy court's forum state of Ohio, though those would have sufficed).  BK even asserts, through its usabankruptcyassociates.com website, that its

7

operators expect potential debtors to do their part by "be[ing] serious about going through with it" and actually filing the documents with the court.  In light of these continuous and systematic activities directed toward and engaged in with residents of the State of North Carolina, and in particular the Eastern District of North Carolina, the court has personal jurisdiction over BK and its agents and operatives.

The new amendments to the Bankruptcy Code have prompted increased apprehension among individuals who are considering bankruptcy.  BK's websites and others like them do their best to first magnify those concerns manyfold and then to "resolve" them by providing much more than a typing service.  This practice is exactly what Congress sought to "force into the light by defining persons who provide such assistance and regulating their conduct in 11 U.S.C. § 110." Thomas, 315 B.R. at 703.  BK's websites are operating in that shadowy area and causing real harm.  Their activities in excess of appropriate petition preparation will not be allowed.  BK therefore is **ORDERED TO APPEAR** at the show cause hearing prepared to address the foregoing issues pertaining to its failure to comply with both the prior orders of this court and its ongoing obligations under 11 U.S.C. § 110.

BK is advised that at the hearing, the court will consider whether to require the credit card companies processing BK's fees to refund, directly to debtors, the amounts in excess of the allowed fee, freeing those companies to thereafter seek restitution as necessary from BK in

any appropriate forum.  BK's failure to appear will render it subject to the imposition of additional fines and penalties, including the possibility of injunctive relief preventing it from providing further services (including advertising its services) in this district and other districts throughout the United States.  See In re Reynoso, 315 B.R. 544, 551 (B.A.P. 9th Cir. 2004)(affirming order that permanently enjoined internet-based bankruptcy petition preparer).

The date of the hearing shall be **Thursday, April 13, 2006,** at 11:00 a.m. at the U.S. Bankruptcy Court, U.S. Courthouse and Post Office Building, 300 Fayetteville Street Mall, Room 208, Raleigh, North Carolina.

**SO ORDERED.**

DATED:   February 14, 2006

_____
A. Thomas Small
United States Bankruptcy Judge

9