

**SO ORDERED.**

**SIGNED this 02 day of May, 2006.**

                                                _____

                                                   **A. Thomas Small**
                                      **United States Bankruptcy Judge**

_____

```
            UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION


   IN RE:                              CASE NO.

   ANGELINA ZUMPANO                    05-04252-5-ATS

   WAYNE PATRICK LANIER                05-05359-5-ATS

   BRUCE LORENC                        05-05309-5-ATS

   JAMIE WILLIAMS                      05-05411-5-ATS
   THOMAS WILLIAMS

   DELA WALDRON                        05-05146-5-ATS

   MAGDALENA ISOM                      05-05380-5-ATS

   SUSAN WEBB                          05-05171-5-ATS

        DEBTORS
```

### ORDER TO REFUND FEES, IMPOSING FINES, AND ENJOINING BANKRUPTCY PETITION PREPARER

On February 14, 2006, this court issued an order directing BK Document Processing Limited ("BK") to appear and show cause to address its failure to comply with prior orders of this court and its ongoing obligations under 11 U.S.C. § 110.  The show cause hearing took place in Raleigh, North Carolina on April 13, 2006, but no one appeared on behalf of BK.

As outlined in the order of February 14, 2006, pro se chapter 7 debtors in the Eastern District of North Carolina continue to disclose at their meetings of creditors that they filed petitions prepared through websites called usabankruptcyassociates.com and debtoraid.com, both of which appear to be operated by BK.[1]  These debtors report that they paid fees ranging from $125 to $200, fees which are far in excess of what this court has determined to be a reasonable fee for the services provided by a bankruptcy petition preparer.  The petitions in the cases listed above have similar and crucial deficiencies, the most basic being that they all fail to give any indication that they were prepared by a bankruptcy petition preparer.  They do not disclose the name and address of the petition preparer, or bear the preparer's signature, as required by 11 U.S.C. § 110(b).  They do not bear an identifying social security number as required by § 110(c) or offer any explanation for its absence.  They do not disclose the receipt of the fee from the debtor as required by § 110(h)(1).  The omissions obviously are not accidental.

The fees charged were far in excess of the amount that is reasonable for the services provided.  This court has previously determined that $80 is the reasonable value of the services that may be provided  by a bankruptcy  petition  preparer.  See In re Moore. 283 B.R. 852 (Bankr. E.D.N.C. 2002); In re Moore, 290 B.R.

---

[1]A document provided by one of the chapter 7 trustees showing that BK was at one time identified on one of the websites and a copy of a credit card statement from one of the debtors showing payment to BK, led to the determination that these websites are operated by BK.

287 (Bankr. E.D.N.C. 2003).   This court has entered orders directing BK to disgorge its fees in excess of $80 to the debtors herein, and BK has failed to do so or to appear to explain why its fees are not excessive.

In the order of February 14, 2006, the court also expressed concerns that BK may be engaged in the unauthorized practice of law.   Its websites guarantee discharge and promise to protect debtors' property from liquidation by a trustee.  The debtoraid.com website goes so far as to advise would-be debtors that the operators' "untold years of experience" enable them to advise debtors "when it is okay to spend far more than you make and when it is not okay," that "bankruptcy is better for your credit and financial health than credit counseling [and debt consolidation]," and that "Chapter 13 bankruptcy is generally not suitable for most people since it does not give you a clean breakaway from your debts and since may [sic] people who start with a chapter 13 end up filing chapter 7 anyway."

In light of the continuing violations of § 110 and BK's unwillingness to remedy them, the court issued an order requiring BK to appear and show cause why it should not be held in contempt for failure to disgorge fees as required.  The show cause order also provided that the court would assess whether additional proceedings were warranted to determine whether BK engaged in the unauthorized practice of law, which this court considers to be a fraudulent, unfair or deceptive act as contemplated by § 110(i)(1), and whether its activities constitute unfair and deceptive trade

practices under the laws of North Carolina.   As noted above, BK
failed to appear at the show cause hearing to explain or defend its
activities.

**JURISDICTION AND AUTHORITY**

This court has jurisdiction over the subject matter of this
proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the
General Order of Reference entered by the United States District
Court for the Eastern District of North Carolina on August 3, 1984.
This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

BK's failure to respond to the show cause order may be the
result of an erroneous belief that because it is located outside
the United States it is not subject to the requirements of § 110 or
to this court's jurisdiction.   Section 110 [2] of the Bankruptcy Code
regulates the conduct of bankruptcy petition preparers defined in
§ 110(a) as follows:

> (1)"bankruptcy petition preparer" means a person, other than
> an attorney or an employee of an attorney, who prepares for
> compensation a document for filing; and
> (2)"document  for  filing"  means  a  petition  or  any  other
> document prepared for filing by a debtor in a United States
> bankruptcy  court  or  a  United  States  district  court  in
> connection with a case under this title.

11 U.S.C. § 110(a).   The term "person" as defined in § 101(41)
includes, subject to exceptions not relevant here, individuals,
partnerships, and corporations.   There is no exception under either

---

[2]All of the debtors for whom BK prepared petitions filed their
petitions before October 17, 2005, and the amendments made to § 110
by the Bankruptcy Abuse Prevention and Consumer Protection Act of
2005 are not applicable.

§ 110(a)(1) or 101(14) for persons located outside the United States.

"It is a longstanding principle of American law 'that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.'" French v. Liebmann (In re French), 440 F.3d 145, 149 (4th Cir. 2006) (quoting EEOC v. Arabian Am. Oil Co., 499 U.S. 244, 248, 111 S. Ct. 1227 (1991) (quoting Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285, 69 S. Ct. 575 (1949))). "The presumption has no bearing when 'the conduct which Congress seeks to regulate occurs largely within the United States' -- that is, when regulated conduct is domestic rather than extraterritorial." French, 440 F.3d at 149 (quoting Environmental Def. Fund, Inc. v. Massey, 986 F.2d 528, 531 (D.C. Cir. 1993)).

BK's websites are designed to provide "full" chapter 7 petition preparation services in all fifty states, including North Carolina. Their services are advertised through "sponsored links" on the popular search engine Google, and pop up in response to a query including the words "bankruptcy" and "help." The websites assert that their "professionals" will prepare debtors' chapter 7 bankruptcy petitions and will even "provide . . . the location of the court in your area as well as their contact numbers and other instructions." There is no question that BK purposefully solicited business from every state in the country, including North Carolina. BK completed its transactions with and was paid by residents of North Carolina with the express purpose of having its product filed

5

in the bankruptcy courts for the Eastern District of North Carolina.

Section 110 regulates the activity of those who prepare petitions and other documents for filing in the courts of the United States.  It is not known where the BK personnel who prepared the petitions reside, but even if they reside outside the United States, BK is still subject to the requirements of § 110 because the only place that the prepared documents may be filed is with the federal courts in the United States.  The conduct of bankruptcy petition preparers is subject to § 110, and the requirements of § 110 may be enforced by this court.

The court has made substantial efforts to provide due process to BK.  All of the orders entered with respect to BK have been mailed to an address provided by the chapter 7 trustee that he obtained from the usabankruptcyassociates.com website:

> BK Document Processing Limited
> 72 New Bond Street
> Mayfair, London
> UK W1S 1RR

The show cause order was also mailed to a different address provided through a United Kingdom register of companies known as Companies House.  That agency lists BK Document Processing's registered office at

> 7 Petworth Road
> Haslemere
> Surrey GU27 1ER

The original orders to disgorge fees were mailed by the court to the London address.  Of those, mail was returned to the court for the cases of Zumpano, Lanier, Waldron and Isom, but it was not

returned in the cases of Lorenc, Williams and Webb.  In addition,
the show cause order dated February 14, 2006, was sent to both
addresses, and was not returned to the court.  Finally, the court's
Information Technology department was able to decipher three email
addresses for BK Document Processing Limited, and the order of
February 14, 2006, was electronically sent to all three addresses.
None of the electronic notices was returned as undeliverable.

Section 105 of the Bankruptcy Code authorizes the court to
"issue any order, process or judgment that is necessary or
appropriate to carry out the provisions of this title."  11 U.S.C.
§ 105.  Further, it provides that "[n]o provision of this title
providing for the raising of an issue by a party in interest shall
be construed to preclude the court from, sua sponte, taking any
action or making any determination necessary or appropriate to
enforce or implement court orders or rules, or to prevent an abuse
of process."  11  U.S.C.  § 105(a);   see also In re Bankruptcy
Petition Preparers Who Are Not Certified Pursuant to Requirements
of the Arizona Supreme Court, 307 B.R. 134, 143 (9th Cir. BAP 2004)
(discussing bankruptcy courts' ability to, sua sponte, enjoin
unauthorized practice of law and regulate practice under Federal
Rule of Bankruptcy Procedure 9029(b)).

## VIOLATIONS AND SANCTIONS

BK has ignored its obligations under § 110 of the Bankruptcy
Code and ignored multiple orders of this court.  Furthermore, BK
continues to prepare petitions for excessive fees while completely

disregarding its obligations and responsibilities under the law and this court's orders.

The debtors used credit cards to pay for BK's services, and the debtors may seek refunds from the credit card companies for all charges in excess of $80 made by BK.  The credit card companies, of course, may seek restitution from BK.

Further, § 110 provides for fines of not more than $500 for each violation of §§ 110(b) and (c) and for the failure to disgorge funds within 30 days of an order to do so.        See § 110(b)(2), (c)(3), and (h)(4).[3]   In each of these cases, BK has (1) failed to sign the document and print its name and address as required by § 110(b)(1), (2) failed to provide an identifying number of the person preparing the documents as required by § 110(c)(1), and (3) failed to disgorge fees in excess of the value of the services provided as provided in § 110(h)(2).  There are three violations of § 110(b), (c) and (h) for each of the seven cases now before the

---

[3] The cases presently before the court were filed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and the former § 110 applies in these cases.  BAPCPA revised § 110, however, and § 110(l)(1) now provides that a bankruptcy petition preparer who fails to comply with any provision of subsections (b), (c), (d), (e), (f), (g) or (h) may be fined not more than $500 for each such failure, and the court shall triple the amount of any fine assessed in any case in which the court finds the petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."  Based on the multiple violations of § 110 in these seven cases, the court would impose a fine of $52,500 ($500 x 5 violations x 7 cases) in these cases if they fell under the new law.   Because BK continues to prepare petitions under BAPCPA without disclosing its participation, it may be subject to the trebled fines in the future.

court, each of which subjects BK to a fine of $500 per violation, which totals $10,500 ($500 x 3 violations x 7 cases).

Finally, the court finds that BK has failed to disgorge all fees ordered by the court and that BK has engaged in fraudulent, unfair or deceptive conduct by failing to disclose its participation in the preparation of petitions, failing to comply with multiple requirements of § 110, and engaging in the unauthorized practice of law.  Each of these findings is sufficient for the court to enjoin BK from acting as a petition preparer under § 110(j)(2).  See also In re Reynoso, 315 B.R. 544, 551 (9th Cir. BAP 2004) (affirming order permanently enjoining internet-based bankruptcy petition preparer).  Accordingly, BK is enjoined from providing further services, and from advertising its services, in this district and other districts throughout the United States. Though the court does not intend to monitor whether BK continues to advertise its services, the bankruptcy administrator may do so and may take steps based on this order to advise companies (such as Google) with which BK advertises of the injunction and to take other appropriate steps to advise potential customers that BK is prohibited from providing petition preparation services to debtors.

### CONCLUSION

Based on the foregoing, **THE CREDIT CARD CHARGES THAT THE DEBTORS INCURRED WITH RESPECT TO THE SERVICES PROVIDED BY BK IN EXCESS OF $80 ARE INVALID AND THE DEBTORS MAY RECOVER THOSE SUMS FROM THE APPROPRIATE CREDIT CARD COMPANY, AND THE CREDIT CARD COMPANY MAY BE REIMBURSED BY BK DOCUMENT PROCESSING LIMITED.**

**WITHIN 20 DAYS OF THE DATE OF THIS ORDER, BK DOCUMENT PROCESSING LIMITED  IS DIRECTED TO PAY THE SUM OF  $10,500  TO PEGGY B. DEANS, CLERK, U.S. BANKRUPTCY COURT, EASTERN DISTRICT OF NORTH CAROLINA, 1760-A PARKWOOD BOULEVARD, WILSON, NORTH CAROLINA 27894.**

**BK DOCUMENT PROCESSING IS HEREBY ENJOINED FROM PROVIDING FURTHER SERVICES AS A BANKRUPTCY PETITION PREPARER OR ASSISTING INDIVIDUALS IN ANY WAY WITH THE PREPARATION OF DOCUMENTS NECESSARY TO FILE FOR BANKRUPTCY RELIEF, AND FROM ADVERTISING THOSE SERVICES, IN THIS DISTRICT AND OTHER DISTRICTS THROUGHOUT THE UNITED STATES.** Violation of this injunction by BK may result in a referral for criminal contempt.

**SO ORDERED.**

**END OF DOCUMENT**